HORTON v. SAWYER.

JURISDICTION.—*Amount in Controversy.*—*Justice of the Peace.*—*Consent of Parties.*—*Arrest of Judgment.*—The consent of the parties to an action before a justice of the peace can not give to him, nor to the circuit court on appeal, jurisdiction of an amount in controversy exceeding two hundred dollars; and a complaint for such amount, filed with such consent before the justice, is bad on motion in arrest.

From the Wells Circuit Court.

*J. S. Dailey* and *L. Mock*, for appellant.

*N. Burwell*, *R. S. Taylor* and *S. L. Morris*, for appellee.

PERKINS, J.—Sawyer sued Horton, before a justice of the peace, on an account.

Horton answered by a general denial, and, in a second paragraph, a set-off.

At this point, an agreement was made by the parties

that the plaintiff and defendant might enlarge their demands against each other, respectively, to an indefinite amount. Thereupon the plaintiff obtained leave to amend his complaint, and filed the following :

" Joseph Sawyer, plaintiff, complains of Theodore Horton, defendant, and says, that defendant is indebted to the plaintiff in the sum of two hundred and ninety-seven dollars and twenty cents, for work and labor performed for defendant, at his request, by plaintiff and John Sawyer, Benjamin Sawyer, Isaac Sawyer and Benneville Sawyer."

A bill of particulars was filed with the complaint. The plaintiff demanded judgment for three hundred dollars.

The defendant filed an amended answer, in four paragraphs :

1. The general denial ;

2. A set-off of one hundred and fifty-seven dollars and twenty-eight cents ;

3. Payment ; and,

4. Stating facts, which, it was claimed, showed that B. F. Cummings was a necessary party.

Trial ; judgment before the justice for the plaintiff in the sum of fifty dollars.

Appeal to the Wells Circuit Court ; trial by a jury in that court, resulting in a verdict for the plaintiff for one hundred and sixteen dollars and twenty-five cents. Motion for a new trial, on the ground of excessive damages and verdict unsustained by the evidence, overruled. A motion in arrest of judgment followed, assigning, as grounds for the motion, insufficiency of the complaint and want of jurisdiction in the court. The motion was overruled, exception entered, and judgment rendered on the verdict.

It is assigned for error, in this court, that neither the justice of the peace nor the circuit court had jurisdiction of the subject-matter of the suit.

Sec. 10 of the justice's act, 2 R. S. 1876, p. 605, is this : " Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars, but the defendant may confess judgment for any sum not exceeding three hundred dollars."

This section fixed the limit to the jurisdiction of the justice in the case now before us. The case did not fall within the limit. The law did not give the justice jurisdiction over the subject-matter, and the consent of parties could not, and did not, give it. The justice had no jurisdiction. *Brady* v. *Richardson*, 18 Ind. 1; *Gage* v. *Clark*, 22 Ind. 163. The justice having no jurisdiction, the circuit court acquired none by the appeal. *Mays* v. *Dooley*, ante, p. 287; *Pritchard* v. *Bartholomew*, 45 Ind. 219.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.