No. 9900.

THE STATE *v.* CREEK.

78 139
145 307

CRIMINAL LAW.—*Justice of the Peace.—Jurisdiction.—Statute Construed.*— Under the provisions of the Revision of 1881, justices of the peace have jurisdiction in all cases of misdemeanors where a fine is the only punishment that *must be* inflicted, though imprisonment in the county jail might, but need not necessarily, be imposed.

From the Union Circuit Court.

*D. P. Baldwin,* Attorney General, *W. W. Thornton,* and *T. D. Evans,* for the State.

WORDEN, J.—The appellee was prosecuted before a justice of the peace of Union county, on a charge of malicious trespass, based on the following statutory provision :

" Whoever maliciously or mischievously injures or causes to be injured any property of another or any public property is guilty of a malicious trespass, and, upon conviction thereof, shall be fined not more than two-fold the value of the damage done, to which may be added imprisonment in the county jail for not more than twelve months." R. S. 1881, section 1955.

He was convicted before the justice, and fined in the sum of twenty-five dollars.

From the judgment of conviction he took an appeal to the circuit court. In the latter court the defendant moved to dismiss the cause for want of jurisdiction in the justice, and this motion was sustained and the cause dismissed. Exception by the State.

The State appeals to this court, and has assigned error upon the dismissal of the cause.

We have the following statutory provision as to the jurisdiction of justices in criminal cases :

"The jurisdiction of Justices of the Peace in criminal cases shall be co-extensive with their respective counties, and they shall have exclusive original jurisdiction in all cases where

the fine assessed can not exceed three dollars, and concurrent jurisdiction with the Criminal Court and Circuit Court to try and determine all cases of misdemeanor punishable by fine only; and in trials before Justices, fines to the extent of twenty-five dollars, with costs, may be assessed; and they shall have jurisdiction to make examination in all cases; but they shall have no power to adjudge imprisonment as a part of their sentence, except in the manner especially provided in this act." R. S. 1881, section 1637.

It is thus seen that justices have concurrent jurisdiction "to try and determine all cases of misdemeanor punishable by fine only." The language thus used must be construed with the other provisions of the act, so as to carry out what appears to have been the intention of the Legislature. Taking into consideration other provisions of the act, we think it clear that the Legislature intended to vest jurisdiction in justices in all cases where a fine is the only punishment that *must be* inflicted, though imprisonment in the county jail might, but need not necessarily, be imposed. We might slightly change the language used, so as not to change its meaning, taken in connection with other provisions of the act, but so as to render the meaning more apparent, as follows: "To try and determine all cases of misdemeanor where the punishment *may be* a fine only."

There are many misdemeanors defined in the new revision of which the punishment *must be* imprisonment in the county jail as well as a fine. In these cases justices have no jurisdiction save as a mere examining court.

But there are other cases of misdemeanor punishable by fine, to which imprisonment in the county jail may, but need not necessarily, be added; cases where imprisonment is not a necessary part of the punishment. In the latter class of cases justices have jurisdiction; for in no other mode can the provisions of the statute be harmonized and the general purpose of the Legislature carried out.

An assault and battery is punishable by a fine, to which

imprisonment in the county jail may be added. Section 1911.

But section 1638 expressly recognizes the jurisdiction of justices to try and determine such cases, and provides for having the injured party subpœnaed as a witness to attend the trial. This is utterly inconsistent with the idea that justices have no jurisdiction in cases where imprisonment in the county jail may, but need not necessarily be, added to the fine as part of the punishment. No inconvenience or failure of justice can grow out of the fact that justices of the peace are invested with jurisdiction in cases where imprisonment may or may not constitute a part of the punishment, for it is provided by section 1636, that if, in the opinion of the justice or jury trying the cause, the punishment which can be inflicted by the justice is inadequate to the offence, the justice shall commit or hold the prisoner to bail for his appearance before the proper court.

We are of opinion, for these reasons, that the justice had jurisdiction of the cause, and that the court below erred in dismissing it.

The judgment below dismissing the case is reversed, with costs, and cause remanded for further proceedings.