No. 955.

## BALDWIN v. RUNYAN.

EVIDENCE.—*Objection to, When Properly Made.*—An objection to evidence on the ground that it is incompetent, immaterial and irrelevant, is insufficient. The reason why it is incompetent, etc., should be stated.

JUSTICE OF THE PEACE.—*When Acting as Collecting Agent Does not Deprive Justice of Jurisdiction.—Collateral Attack.—Presumption.—Waiver.*—Where a justice of the peace sits in judgment on the trial of a case based on account, the accounts having been, previous to bringing suit, placed in the hands of the justice for collection, the previous action of the justice as a collection agent of the subject-matter of the suit did not disqualify the justice to the extent of depriving him of jurisdiction, and a judgment rendered by the justice under such circumstances is not void and subject to collateral attack, except the disqualification is made to appear on the face of the record, or unless it was not known when it occurred; and it will be presumed that the parties had knowledge of any such disqualification until the contrary is made to appear affirmatively. Such disqualification may be waived, and would be waived unless disclosed at the earliest opportunity.

SAME.—*Appeal from, How Tried.—Jurisdiction on Appeal.—How Determined.*—Where a case is appealed to the circuit court, from a justice of the peace, the cause is tried *de novo*, and the circuit court only inquires into the jurisdiction of the justice for the purpose of deciding whether it has itself jurisdiction, and when it has so found, it tries and disposes of the case as an original action.

Dissenting opinion by Ross, J.

From the Montgomery Circuit Court.

*G. W. Paul* and *M. W. Bruner*, for appellant.
*B. Crane* and *A. B. Anderson*, for appellee.

REINHARD, J.—This action was on an account by the appellee against the appellant, and was commenced before a justice of the peace, after which it was appealed to the circuit court, where there was a recovery by the appellee.

But two questions arise in the case. The first of these

Baldwin *v.* Runyan.

is an alleged error of the trial court in admitting in evidence, over appellant's objection, what purports to be an account or settlement sheet, showing the amount due from appellant to the appellee. The grounds of objection stated in the trial court, when the paper was offered, are as follows: "The defendant objected to the introduction of plaintiff's account now offered in evidence, on the ground that it is immaterial, incompetent, and irrelevant; that the plaintiff has no right to introduce, to prove an account or any issue in the case, not competent for any purpose."

We do not think any valid objection is pointed out to the introduction of the paper. The mere fact that it was "an account" certainly falls short of rendering it improper evidence, for it may have been made by both parties in a settlement had between them, and this is the contention of appellee's counsel. Nor is it sufficient to base the objection upon the ground that the evidence is "incompetent, immaterial, and irrelevant." The objection should state why it is incompetent, irrelevant, or immaterial. Nor is it apparent that the account was not in issue. On the contrary, it was directly in issue. If the appellant desired to object to the introduction of the account, because the same was prepared or written by the appellee himself, and the appellant is not bound by it, he should have made this the basis of his objection. Elliott's App. Proced., section 770, and cases cited.

We proceed to consider the second alleged error. During the progress of the trial in the circuit court, and after witnesses for both sides had been examined, one of the appellant's counsel interposed the following oral motion: "I now, based upon the evidence of George Runyan and Matthew R. Scott, move the court to strike this case from the record, on the ground that the justice of the peace before whom it was tried was an agent and at-

torney of the plaintiff in the case, and had the account itself for collection at ten per cent.; brought the suit before himself, issued the summons to bring it before himself, and had the trial before himself and entered up the judgment—on the grounds it was an absolute nullity."

The court overruled the motion, and the appellant saved an exception to the ruling.

Was this error?

The evidence disclosed the fact that the account sued on, or a portion thereof, had been, by the appellee, with some other accounts, turned over to the justice of the peace before whom this cause originated, for collection, with the understanding that such justice was to receive a commission of ten per cent. for all collections placed in his hands by said appellee, if made without suit; that the said justice attempted to collect the same without suit, but being unable to do so, issued process thereon the same as if the account had been left with him for suit, and subsequently tried the cause.

Just at what point of time this supposed disqualification was discovered by the appellant, is not made to appear. We are of the opinion that the disqualification of the justice was not such as necessarily deprived him of jurisdiction, either of the person or of the subject-matter. The utmost that can be made of the fact that he had previously attempted to collect the claim is that it might, if a proper showing were made, disqualify him as an impartial trier of the case. It is, however, such a disqualification as might be waived, and we think it would be waived, unless made known at the earliest opportunity. That this was the first opportunity the appellant had for making the objection should also be made to appear by the appellant. That an objection to a trial judge, on account of such a disqualification as is here relied upon, may be waived, if not seasonably made, we think

Baldwin *v.* Runyan.

is in conformity to the spirit of our decisions. As stated by Judge ELLIOTT, in his excellent work on Appellate Procedure: "The authority of the person who assumes to discharge the functions of a judge is presumed to be lawful. This presumption applies to a special judge unless the record shows a well founded objection to his capacity to act as judge. The later cases declare the doctrine we have stated and they rest on sound principle, since it would be unreasonable to assume that parties quietly sat by and permitted their cause· to be tried by an intruder or usurper.   *   *   *   The appellate tribunal will presume that the courts were held at the proper time and place, and that all was done that the law requires, to make the holding of the court regular and legal." Elliott's App. Proced., section 714, and cases cited.

This doctrine fully meets our approbation. It would, in our judgment, be a dangerous rule that would permit a party to a judgment to assail it upon any and all occasions, as void, when the record thereof utterly fails to disclose anything to impeach it. Such a practice would render many judgments, regular upon the face thereof, subject to collateral attacks for reasons that might, for aught that appears, have been known and disclosed prior to the rendition. If the appellant in the present case was aware of the alleged disqualification of the justice at the time he tried the cause, it was his imperative duty to make it known, and .object to his acting as judge in such trial. He could not be permitted, to sit quietly by and await the result of the trial, and then, in the event of an adverse decision, raise an objection to the judge after the rendition of the judgment.

We are bound, in the present case, to presume that the appellant had knowledge of the alleged disqualification, for everything must be presumed in favor of the rulings

of the court below, until the error relied upon is made to appear affirmatively, and this includes every step necessary to establish such error.

We do not think the cases relied upon by appellant's counsel support their contention.

The case of *Chicago, etc., R. W. Co.* v. *Summers,* 113 Ind. 10, was a proceeding by a judgment plaintiff to enforce the payment of a judgment rendered by a justice of the peace for the killing of animals by the locomotive of a railroad company, under the provisions of section 4030, R. S. 1881. The answer in that proceeding showed not only the disqualification of the justice who rendered the original judgment, by reason of his having been regularly employed and acting as attorney in said cause pending before himself, but also that such disqualification was made to appear upon the trial of the original action by plea to the jurisdiction duly verified and filed, and that, therefore, the record of the judgment sought to be enforced showed upon its face the disqualification and incompetency of the justice who rendered the same.

There is a wide difference between the character of the judgment in the present case and the one disclosed by the record in the case cited. In the case in hand, no such plea or other motion was interposed showing that the justice was incompetent for any reason to try the cause, while in the case cited, as we have seen, the objection was made as soon as an opportunity was presented.

In the case of *Waterman* v. *Morgan,* 114 Ind. 237, one of the attorneys in the case, who assisted at the trial, was subsequently elected as judge of the circuit court to succeed the judge who presided at the trial, and after becoming judge he signed the bill of exceptions. These facts were all disclosed by the record. It was held, in

that case, that there was no proper bill of exceptions in the record.

Again, in the case of *Fechheimer* v. *Washington*, 77 Ind. 366, it was held that a judgment was void, which was rendered by one of the attorneys of record, in such judgment, acting as judge, when the statute required that in case of such disqualification the cause should be transferred from the common pleas court, in which it was pending, to the docket of the circuit court.

It must be borne in mind that in the case at bar the justice had not been, properly speaking, acting attorney in the case for one of the parties, prior to his assuming jurisdiction of the same as such justice. The justice, upon the theory of the motion, had, at the most, been acting only as a collection agent, and there is no claim or pretense that he was ever employed as counsel in the trial of the cause. While we do not desire to be understood as deciding that the assumption of the duties of a collecting agent may not disqualify one from sitting as judge or justice in the trial of a cause in which it is shown that the chose in action forming the subject of the litigation had been in his hands for collection as such agent, we are decidedly of the opinion that this fact will not make void a judgment rendered by such judge or justice upon a collateral attack, unless the disqualification is raised and made to appear on the face of the record, or unless it appears that it was not known when it occurred. It is true that this is not, strictly speaking, a collateral attack upon the judgment rendered by the justice, yet the principle upon which we must treat the motion is the same. If the judgment of the justice was not void upon collateral attack, it can not be said that there was such a want of jurisdiction in him as rendered all the proceedings taken by him nugatory to such an extent that even the circuit court, where the cause is

tried *de novo*, would have no jurisdiction on appeal. The circuit court is not a court of error, and does not undertake to review the proceedings before the justice. It can only inquire into the jurisdiction of the justice for the purpose of deciding whether it has itself jurisdiction, and when it has so found, it proceeds to try and dispose of the case as an original action.

We find no error for which the judgment should be reversed.

Judgment affirmed.

Filed Nov. 28, 1893.

### DISSENTING OPINION.

Ross, J.—It developed, on the trial of this cause in the Montgomery Circuit Court, that the account sued on was placed by appellee in the hands of Mathew R. Scott, who was then an acting justice of the peace for Wayne township, in said Montgomery county, as the agent of the appellee, for collection, for which services he was to receive a sum equal to ten per cent. of the account; that said Scott instituted this action before himself as such justice, and tried the cause and entered judgment against the appellant. As soon as these facts were disclosed on the trial in the circuit court, the appellant, by his counsel, at once moved the court to dismiss the cause for want of jurisdiction, which motion was overruled by the court, and appellant excepted.

It has been suggested by my worthy associate who wrote the opinion of the majority, that the appellant should have pleaded to the jurisdiction, or if not acquainted with the facts in time to have pleaded them, should have shown by his motion to dismiss that that was the first opportunity he had for interposing his objection to the court's jurisdiction. It is new to the writer that a party can, by statements in a motion, either make

Baldwin *v.* Runyan.

or contradict a record, and while it must be conceded that a party must interpose his objection to the court's jurisdiction over his person at the first opportunity, the question of jurisdiction of the subject-matter may be raised at any time. The record in this case, until the making of the motion to dismiss, does not disclose in any way that said Scott was acting for the appellee in procuring said judgment. When the witness Scott was on the stand, it then developed, for the first time, that while he was acting as a court, he was at the same time acting for the appellee as his attorney. Thereupon the appellant interposed his objection, and moved to dismiss the cause.

It is against the policy of the law that any man shall sit in judgment upon his own case. That which the law forbids the principal to do it will not tolerate on the part of his agent. Section 1457, R. S. 1881, provides that no constable or justice of the peace shall act as the agent or attorney of a party to an action pending in such justice's court.

While a justice of the peace ordinarily has jurisdiction of the class of cases similar to the one in controversy, he can not acquire jurisdiction either of the subject-matter or of the person, even of a case falling within that class, if the law forbids it. His right to jurisdiction both of the subject-matter and the person of the defendant is limited, and if he assumes to do that which the statute forbids in acquiring jurisdiction, his acts are void. As the Supreme Court, in the case of *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10, says: "If at the time his action against appellant was pending before the first justice, appellee in person had been a qualified and acting justice of the peace, of Starke county, and if, when the change of venue was granted, the action had been

sent to appellee, as such justice, and he had tried and decided the case, and had rendered and entered judgment therein in his own favor and against appellant, no one could doubt that such judgment was wholly void and could not be enforced; for such a judgment would be in direct violation of the old and well known legal maxim, namely, *Nemo debet esse Judex in propria sua causa.*"

It is affirmatively shown by the record that as soon as it developed, on the trial of the cause in the circuit court, that the justice rendering the judgment was at that time acting in the dual position of attorney and court, the appellant denied the jurisdiction of the court. It has often been asserted that a judgment is void only when the thing lacking or making it void is apparent on the face of the record, and again it has been decided that the enforcement of a judgment can not be enjoined except it is void, but such statements are not absolutely correct, for a judgment may be enjoined which does not on its face show that it is void. I need cite no authorities upon these propositions, because our reports are full of such decisions.

The judgment in this case could have been enjoined, because upon a showing of the facts it would have appeared that the court had neither jurisdiction of the subject-matter of the action nor of the person of the defendant. In fact, on the trial of this cause in the circuit court, it was the duty of the court to have dismissed the cause, when the facts became known, without any formal motion. "Without even a suggestion, *ex mero motu*, a court will set aside a judgment rendered without jurisdiction." *Doctor* v. *Hartman*, 74 Ind. 221.

If the justice of the peace had no jurisdiction, the circuit court acquired none on appeal. *Snell* v. *Mohan*, 38 Ind. 494; *Mays* v. *Dooley*, 59 Ind. 287; *Horton*

v. *Sawyer*, 59 Ind. 587; *Brown* v. *Goble*, 97 Ind. 86. I think it was error to overrule the motion to dismiss, and that the judgment of the court below should be reversed.

Filed Nov. 28, 1893.