STATE, EX REL. SCHRISLER, *v.* WINTER.

[No. 18,145.   Filed June 9, 1897.]

ELECTIONS.—*City Officers.—General Elections.—Statute Construed.—*
Under the provision of section 3476, Burns' R. S. 1894, general elections are held quadrennially, beginning on the first Tuesday in May, 1894, and the successor of a city treasurer elected at a special election after the incorporation of such city in 1894 could not be elected until the first Tuesday in May, 1898. *p. 179.*

APPEAL AND ERROR.—*Amendment of Pleading.—Presumption.—*
Where the record does not show a request to amend a pleading it will be presumed on appeal that leave to amend was not sought. *p. 180.*

From the Blackford Circuit Court.   *Affirmed.*

*Elisha Pierce, John A. Bonham, Aaron M. Waltz, D. H. Fouts, B. G. Shinn* and *E. Shinn,* for appellant.

*Cantwell, Cantwell & Simmons* and *Jay A. Hindman,* for appellee.

HACKNEY, J.—This was a proceeding in the nature of a *quo warranto* to oust the appellee from the office of treasurer of Hartford. City, the relator claiming the office by election.   The petition was in two counts; the first claiming the office from May 10, 1896, and the second claiming it from September 7, 1896.   The trial court sustained a demurrer to each count, and that ruling presents the only question for consideration.

Each count alleged that in April, 1894, the then town of Hartford City was incorporated as a city; that on the second Tuesday in May, 1894, the appellee was

elected, with other officers of said city, to the office of treasurer, and thereafter qualified and discharged the duties of said office, and was occupying the same when this proceeding was instituted; that at the election in said city on the first Tuesday in May, 1896, the relator and others were candidates for said office, and that he was elected thereto and received a certificate of election; that he qualified and demanded from the appellee, on May 10 and September 7, 1896, the possession of said office, which was refused.    The petition is sought to be supported upon the theory that on the second Tuesday in May, 1894, the office of treasurer of said city was vacant and that the election of the appellee on that day was to fill the vacancy, it is said for the unexpired part of the term ending, from one standpoint in September, 1894, and from another, when his successor was elected and qualified.

Vacancies in the office of city treasurer are not filled by election, but by appointment of the common council.   Sections 3483, 3484, Burns' R. S. 1894.   A consideration of section 3468, Burns' R. S. 1894, does not deny this conclusion, since that section does not provide for the filling of vacancies in that office, nor does it prescribe the times when, under the election therein provided for, the officer shall begin or shall end his services.

It is provided therein that "the trustees or common council of such town or city shall, within five days after the filing of" the certificate of the election to become a city, divide the city into wards, and publish notice that an election will be held on a day and at places named "for the election of the city offices specified in such notice."   It must be that this provision is for a special election to fill offices for a newly created city.   Whether such offices are vacant in the sense in which that word is employed in sections 3483,

3484, *supra*, is not, in our view of the case, material. But if it should be held that the special election was only for such offices as could not be filled by appointment, namely: councilmen, because none were in office to make the appointments to other offices, and city judge, because that is the only office the vacancy in which is filled by election ordinarily, it would seem that the office of treasurer was not one a vacancy in which could be filled by election. We are, however, not concerned with the question of the title of the appellee to the office as he acquired it, but we are to inquire as to the validity of the relator's title, for if he had no title his petition was bad.

The relator has no claim, and asserts none, under said section providing for a special election. Whatever strength his claim has must be found from section 3476, Burns' R. S. 1894, in relation to the filling of said office by general city elections. That section was in force, not only when the appellee was elected, but when the relator was voted for, and was an amendatory section providing a uniform period of elections, and the beginning of the terms of office of treasurer, and other general city officers and councilmen. By it elections for councilmen are held biennially, beginning with the first Tuesday in May, 1894, and elections for treasurer and other general officers are held quad-rennially beginning with an election on the first Tuesday in May, 1894. One manifest object of the amendment was to secure uniformity in both the elections, and the beginning and ending of the terms of office of city officers, and constructions thereof must, when reasonable, support that object. This being true, it follows that the first election at which a treasurer for Hartford City could be elected, after the special election in May, 1894, would be that of the first Tuesday in May, 1898. Suggestion has been made that under

section 3476, *supra,* general elections are held biennially. The phrase "general election" is employed but twice in the section and in each instance with special reference to the officers of mayor, treasurer, and other officers who are elected by the general vote of the electors of the city.

If, as we conclude, the relator was not elected at a time authorized by law, he has no title to the office.

There is an assignment of error that the court erred in rendering judgment on the demurrer, and it is insisted that because the ruling and judgment are entered as one act, there was given the appellant no opportunity for amendment. No doubt the appellant was entitled to amend the petition, but not without a desire or request to do so, and we must presume, from the silence of the record on the subject, that leave to amend was not sought or desired. *Hedrick* v. *Whitehorn,* 145 Ind. 642.

However, it has been held that an assignment of the character mentioned presents no question for review. *McGinnis* v. *Boyd,* 144 Ind. 393.

The judgment is affirmed.