## WALTHER ET AL. v. STATE OF INDIANA.

### [No. 22,299. Filed May 27, 1913.]

1. CRIMINAL LAW.—*Appeal.*—*Judgments Reviewable.*—The right of appeal conferred by §2210 Burns 1908, Acts 1905 p. 584, §324, lies only from a final judgment. p. 567.

2. JUDGMENT.—*Nature.*—*Interlocutory Orders.*—An order, under which something remains to be done or observed, is interlocutory. p. 567.

3. CRIMINAL LAW.—*Judgment.*—*Appeal.*—A judgment must stand or fall as a whole. p. 567.

4. CRIMINAL LAW.—*Judgment.*—*Suspension of Sentence.*—Under §2174 Burns 1908, Acts 1907 p. 447, giving to circuit courts the power to suspend the sentence on entering a judgment of conviction, a court is not compelled to suspend sentence, nor is the defendant compelled to accept a discharge by virtue of a suspended sentence. p. 567.

5. CRIMINAL LAW.—*Judgment.*—*Suspension of Sentence.*—*Appeal.*—Where, on entering a judgment of conviction, the sentence is suspended pursuant to §2174 Burns 1908, Acts 1907 p. 447, no appeal will lie, since defendant, by accepting the benefit of the suspended sentence, cannot be heard to complain, and the judgment is not such a final judgment as warrants an appeal. p. 567.

From Pike Circuit Court; *John L. Bretz,* Judge.

Prosecution by the State of Indiana against Max Walther and another. From a judgment of conviction, defendants appeal. *Appeal dismissed.*

*Hiram M. Logsdon* and *Albert J. Veneman,* for appellants.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MORRIS, J.—Appellants were charged, by indictment, with the crime of grand larceny. There was a trial by jury and verdict of guilty. Appellants each filed a motion for a new trial which was overruled. Judgment of conviction was entered and sentence suspended under §2174 Burns 1908, Acts 1907 p. 447, which provides as follows: "That the * * * circuit * * * courts of this State shall have power, in any case where any person shall have been convicted of a fel-

ony or misdemeanor in such court  *  *  *  upon the entry of judgment of conviction of such person to suspend such sentence,  *  *  *  whenever such court in the exercise of its judgment and discretion shall find and determine that such person has committed the offense  *  *  *  under such circumstances, as that in the judgment of such court such person should not suffer the penalty imposed by the law for such offense, or if he  *  *  *  shall thereafter behave well, or whenever such court shall find and determine that by reason of character of such person or the facts and circumstances of such case the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he  *  *  *  shall thereafter behave well  *  *  *  ".. Section two of the act (§2175 Burns 1908, Acts 1907 p. 447) provides that the effect of "the order of the court suspending the judgment and sentence  *  *  *  shall be to place such person under the control of the prison authorities of the prison  *  *  *  to which such person would have been committed but for the suspension of such judgment  *  *  *  in all respects as though such person had been committed to such prison and had been paroled  *  *  *  ." Section 3 of the act (§2176 Burns 1908, Acts 1907 p. 447) authorizes the trial court to revoke the order of suspension by entering on the order book the reason for the revocation, after which the judgment shall be executed in all respects as though sentence had not been suspended.

The order book entry here shows that each appellant was adjudged guilty of the crime of grand larceny and that he be imprisoned in the Indiana State Prison for a period of not less than one year nor more than fourteen years, and fined $100 but it is ordered further that the "execution of the sentence herein imposed and the payment of the fine and costs, be suspended during the defendant's good behavior, and that he be permitted to go at liberty, on probation, so long as he behaves well." The Attorney-General has filed a motion to dismiss the appeal because, (1) the judgment is

not a final one from which an appeal lies, and (2) because the judgment was suspended and by its terms each appellant was relieved from the penalty imposed by the judgment.

An appeal lies only from a final judgment. §2210 Burns 1908, Acts 1905 p. 584, §324; *Hensley* v. *State* (1910), 175 Ind. 16, 93 N. E. 211; *Erganbright* v. *State* (1897), 148 Ind. 180, 47 N. E. 462, and cases cited. While anything remains to be done there can be no final order. *State* v. *Derry* (1908), 171 Ind. 18, 85 N. E. 765, 131 Am. St. 237. Where something remains to be done or observed the order is interlocutory. *Pfeifer* v. *Crane* (1883), 89 Ind. 485; *State* v. *Derry, supra.* The judgment must stand or fall as a whole. *State* v. *Smith* (1910), 173 Ind. 388, 90 N. E. 607; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385.

Each of the appellants accepted the benefit of the humane provisions of the act of 1907, *supra,* and thereby secured his discharge during good behavior. The law does not compel the trial court to suspend sentence, nor does it compel the defendant to accept a discharge by virtue of a suspended sentence. It is scarcely conceivable that an order of suspension would be made over a defendant's objection. In any event no such objection was made here.

In *Manlove* v. *State, supra,* while the appeal was pending, the appellant accepted the benefit of the Governor's pardon, conditioned on his future good behavior. The appeal was dismissed, though the pardon was conditional, and did not relieve the appellant from the payment of the fine and costs adjudged against him. In its opinion the court said: ''A party may not accept a benefit based on the legality of a judgment and thereafter be heard to complain that the judgment is erroneous.'' For analogous reasons, appellants are not warranted in prosecuting this appeal. Where sentence is suspended, as here, there is not such a final judgment as warrants an appeal. *People* v.

*Markham* (1906), 114 App. Div. 387, 99 N. Y. Supp. 1092; *People* v. *Bork* (1879), 78 N. Y. 346; *Renado* v. *Lummus* (1910), 205 Mass. 155, 91 N. E. 144.

Appeal dismissed.

NOTE.—Reported in 101 N. E. 1005. See, also, under (1) 12 Cyc. 798; (2) 23 Cyc. 672; (3) 12 Cyc. 937; (4) 12 Cyc. 772; (5) 12 Cyc. 798, 807. As to authority of court to suspend sentence, see 132 Am. St. 644.