The Bluffton and Marion Construction Company *v.* The Moore-Mansfield Construction Company.

[No. 9,170. Filed June 25, 1915. Rehearing denied November 23, 1915. Transfer denied January 26, 1916.]

Abatement.—*Judgment.*—*Appeal.*—Where on the issues tendered by an answer in abatement the finding is against defendant, and on his refusal to plead over judgment is rendered against him for want of an answer to the merits, the judgment is one from which an appeal will lie, but a judgment that the action "shall not abate and said defendant herein shall plead over to the merits", is not a final judgment and is not within any of the exceptions authorizing appeals from certain interlocutory orders.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by The Moore-Mansfield Construction Company against The Bluffton and Marion Construction Company. From a judgment for plaintiff on the issue tendered by answer in abatement, the defendant appeals. *Appeal dismissed.*

*Abram Simmons, Charles G. Dailey* and *John J. Kelley,* for appellant.

*Lesh & Lesh* and *William A. Ketcham,* for appellee.

FELT, J.—Appellant filed a plea in abatement to the action of appellee, upon which issues were formed and a trial had thereon before the court, which resulted in a judgment as follows: "The issues being joined, this cause is submitted to the court for trial, on the plea in abatement, without the intervention of the jury. The court having heard the evidence and being fully advised in the premises, finds against the Bluffton and Marion Construction Company, on its plea in abatement and in favor of the plaintiff thereon; that the action in No. 10896 should not abate and said defendant should plead to the merits and that the plaintiff herein should recover its costs herein of the Bluffton and Marion Construction Company. It is therefore ordered and adjudged by the court that the defendant, The Bluffton and Marion Construction Company, plead over, and that the plaintiff recover of the defendant, its costs and charges laid out and expended herein to this time, that said action in No. 10896 shall not abate and said defendant herein shall plead to the merits herein, to which judgment the defendant, the Bluffton and Marion Construction Company, at the time excepts."

Appellant filed a motion for new trial of the issues formed on the plea in abatement which motion was overruled, whereupon appellant prayed and was granted this appeal.

Appellee has moved to dismiss the appeal on the following grounds: (1) the court has no jurisdiction of the appeal; (2) the judgment from which the appeal was taken is not a final judgment. The motion to dismiss must be sustained for the reason that the judgment from which the appeal was granted is not a final judgment, and is not within any of the exceptions which authorize an appeal from certain interlocutory orders. *Wehmeier* v.

*Mercantile Banking Co.* (1912), 49 Ind. App. 454, 456, 97 N. E. 558, and cases cited; *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168; *Crow* v. *Evans* (1912), 178 Ind. 661, 662, 100 N. E. 8; *Walther* v. *State* (1913), 179 Ind. 565, 567, 101 N. E. 1005; *Shedd* v. *American Maize, etc., Co.* (1910), 175 Ind. 86, 87, 93 N. E. 447; *Goldsmith* v. *Chipps* (1900), 154 Ind. 28, 55 N. E. 855; *Hooker* v. *Phillippe* (1901), 26 Ind. App. 501, 503, 60 N. E. 167, and cases cited; §§371, 671, 1392 Burns 1914, §§365, 632 R. S. 1881, Acts 1907 p. 237.

The judgment of the trial court was that the action "shall not abate and said defendant herein shall plead over to the merits" of the suit. Had appellant refused to plead over and upon such refusal the court had rendered judgment against it for want of an answer to the merits of the suit and appellant had appealed from such judgment the appeal would lie, but the record presents no such question, and appellant seeks to sustain the appeal on the ground that the judgment is final within the meaning of the statute which authorizes appeals from all final judgments. Motion sustained, appeal dismissed.

NOTE.—Reported in 109 N. E. 406. See, also, 3 C. J. 494; 2 Cyc 607.