STATE, Respondent, v. TUBBS, Appellant.

(221 N. W. 253.)

(File No. 6345. Opinion filed October 6, 1928.)

*Atwater & Helm,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J.   The defendant was convicted of keeping a house of ill fame, and from the judgment and an order denying her a new trial, she appeals to this court.

The information charges that, on or about the 9th day of June, 1924, and at various other times between that date and the filing of this information, appellant kept a house of ill fame, resorted to by various persons for the purpose of prostitution and lewdness.   The information was filed on the 12th day of October, 1924.   Appellant demurred to the information and afterwards moved to arrest the judgment on the ground that the information charges more than one offense.

The evidence shows that the peace officers of the county went to appellant's residence and made a search of the place on the 9th, the 15th, and 29th days of June, on the 11th day of July, and on another date not given.   The conditions found in appellant's house on these occasions were such as to warrant the conclusion that appellant was maintaining a place where persons of both sexes were permitted to resort for the purpose of prostitution and lewdness. This, under the provisions of section 3891, R. C. 1919, constitutes the keeping of a house of ill fame.   But it is contended by appellant that, because of the peculiar wording of the information, she is charged with the commission of a distinct and separate offense on each of the occasions when her house was searched or "raided." The wording of the information furnishes some ground for this contention, but to hold that this is the intent or meaning of the information would be extremely technical.   The keeping of a house of ill fame is a continuing act.   To resort to a house for a single act of lewdness or unlawful intercourse, even with the knowledge and consent of the proprietor of such house, does not constitute the keeping of a house of ill fame.   The house must be kept for such purpose; and the state cannot be compelled to elect on which particular act it will ask a conviction.   18 C. J. 1228, 1240; Nace v. State, 117 Ind. 114, 19 N. E. 729.

■ A large number of appellant's assignments are predicated upon the ruling of the trial court on the admission of testimony relating to the reputation of the house referred to in the information as a house of ill fame. Many of these questions were loosely framed. Some of them did not limit the reputation to the *general* reputation of the house and some of them included the reputation of the defendant herself. Objections to these latter questions were sustained by the court and no harm was done. The distinction, if any, between the reputation and the general reputation, is very slight. The questions all had reference to the reputation of the place between the 9th day of June, 1924, and the filing of the information on the 12th day of the following October. Some of the witnesses testified properly to the general reputation of the place and we are unable to see how the appellant was prejudiced by any of the testimony on this branch of the case. This class of evidence is made competent by section 3893, R. C. 1919.

■■ Error is predicated upon the following question and answer: "Have you ever heard of any disturbances in the neighborhood there?" The answer was: "Not only among those that have been over there." The question, framed as it is, was neither competent nor material, but the answer limited whatever disturbance that may have taken place to defendant's premises and in no wise prejudiced her. Whether defendant actually lived in the house involved is not material, nor is it material that she may have been absent from the house during a portion of the time covered by the information.

■ A considerable number of assignments are predicated on the refusal of the trial court to give certain instructions requested by defendant. While these requested instructions generally correctly state the law applicable to the facts in the case, we believe the substance of such instructions are contained in the instructions given by the court. Therefore appellant was not prejudiced by such refusal.

Upon the entire record we are satisfied that the defendant had a fair trial and that the evidence is sufficient to support the verdict.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.