## WALKER *v.* STATE OF INDIANA.

[No. 13,662. Filed April 18, 1929. Rehearing denied July 6, 1929.]

*Fred N. Fletcher* and *Willis Williams,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

McMahan, P. J.—Appellant, having been convicted of violating the Prohibition Law, appeals, and contends the court erred in overruling his motion to quash the affidavit, and in overruling his motion for a new trial.

The affidavit, following the language of the statute, (§2717 Burns 1926, §4, Acts 1925 p. 144) charged appellant with the unlawful possession of intoxicating liquor, and is sufficient to withstand the motion to quash, which was based upon the insufficiency of the facts to state a public offense.

Appellant contends the court erred in overruling his motion for a new trial, and insists: (1) That the decision of the court is not sustained by sufficient evidence; and (2) error in the admission of evidence.

Appellee in its brief calls attention to the condition of the record, and insists no question is presented as to the overruling of the motion for a new trial, because the evidence is not in the record. This contention of the State is well taken. On page nineteen of the record, the clerk certifies that the general bill of exceptions containing the evidence was filed in his office December 14, 1927. On page twenty, is a certificate signed by the judge, in which he certifies that the "above and foregoing longhand transcript of the evidence" and bill of exceptions was tendered to him for his signature January 23, 1928, and that the same was signed by him on that day. Following this is another certificate of the clerk in which he again states that said bill of exceptions was filed in his office December 14, 1927. This is followed by what purports to be a transcript of the evidence certified to by the reporter, and a certificate of the clerk, wherein he certifies that the same was filed in his office December 14, 1927. It is unnecessary to cite any au-

thorities in support of the statement that the evidence is not in the record, but see *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 1141.

A lawyer who essays to appeal a case to the Supreme or Appellate Court should remember that it is his duty to see that a proper transcript of the proceedings is prepared. This is a matter that cannot with safety be left to the care of the clerk of the trial court.

Judgment affirmed.

### ON PETITION FOR REHEARING.

McMAHAN, C. J.—Appellant contends we erred in affirming the judgment for the reason that the circuit court of Lawrence county did not have jurisdiction to try the cause, and, that the cause should have been reversed with directions to the trial court to dismiss the action and to discharge the defendant. This prosecution was commenced before a justice of the peace, and, on a change from the justice, was sent to the city court of Bedford, where appellant was tried and, being convicted, appealed to the circuit court. Appellant, in his brief, states that after the appeal from the city court, the affidavit on which he was convicted was filed in the circuit court, and that he thereafter filed a motion to quash such affidavit, which was overruled, and was followed by a trial and conviction. Appellant contends the justice had no jurisdiction to try him for the alleged offense for the reason that the minimum punishment in case of conviction was in excess of the jurisdiction of the justice of the peace; that the justice had no jurisdiction except to determine the probability of his guilt and to either hold him to the circuit court for trial or to discharge him if the evidence was not sufficient to show a probability of his guilt; that the city court had

no jurisdiction other than that conferred on the justice, and that the circuit court, on appeal, did not have jurisdiction to try the cause on the merits. Appellant cites and places great reliance on *Nace* v. *State* (1889), 117 Ind. 114, 19 N. E. 729. The affidavit in that case was not filed in the circuit court after the appeal was taken. In the instant case, it is stated that an affidavit was filed in the circuit court after the appeal was taken, that appellee appeared in the circuit court and filed a motion to quash the affidavit. It thus appears that the circuit court had jurisdiction of appellant and of the crime charged in the affidavit. No question was raised in the circuit court as to the right of that court to try the cause on the merits. We hold that by the filing of the affidavit in the circuit court and the appearance of appellant thereto, the circuit court had jurisdiction to try the cause on the merits, and that *Nace* v. *State, supra,* is of no controlling influence in the instant case. We adhere to the holding that the evidence is not in the record and that no question is presented relative to the overruling of the motion for a new trial.

Rehearing denied.