SMITH *v.* STATE OF INDIANA.

[No. 29,280. Filed January 5, 1956.]

*Robert A. Mucker* and *Vernon E. St. John,* both of Lafayette, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* and *Robert S. Baker,* Deputy Attorneys General, for appellee.

ACHOR, J.—This is an appeal from a ruling of the Tippecanoe Circuit Court denying appellant's petition for leave to withdraw his plea of guilty and to file a plea in abatement. Appellant's petition and the plea in abatement which he submitted to the court challenged the jurisdiction of the court over the case.

The essential facts which were the basis of appellant's petition and plea in abatement, here asserted as grounds for review, are as follows: Appellant was arrested on October 1, 1955. On the following day an affidavit was filed in the Lafayette City Court charging him with public indecency, a misdemeanor. On that day he was brought before the court where he pleaded guilty to and was sentenced for the offense. Thereafter he appealed his case to the Tippecanoe Circuit Court

where the motion in question was filed. The cause was submitted and evidence heard upon appellant's motion, subsequent to which the court made the following determination: "Defendant's petition for leave to withdraw plea of guilty . . . is now by the court denied."

It is appellant's position that neither the City Court nor the Circuit Court had jurisdiction over the case for the following reasons: First, that the arrest (for a misdemeanor not committed in the view of the arresting officer) was illegal for the reason that it was not grounded upon an affidavit previously filed, as required by §48-6107, Burns' 1950 Repl. (Acts 1905, ch. 129, §161, p. 219) ; *Brown* v. *State* (1951), 229 Ind. 470, 474, 99 N. E. 2d 103, 105; *Hart* v. *State* (1924), 195 Ind. 384, 388, 145 N. E. 492, 493; secondly, that the arrest having preceded the affidavit, was ". . . . in a certain sense the commencement of a prosecution, . . . " *Hoover* v. *State* (1886), 110 Ind. 349, 353, 11 N. E. 434, and therefore that the City Court acquired no jurisdiction of the accused since the arrest was illegal. And finally, that the Circuit Court acquired only the jurisdiction of the City Court. *Nace* v. *State* (1888), 117 Ind. 114, 19 N. E. 729.

The first question for this court to determine is presented by appellee's motion to dismiss. It is appellee's position that there is no final judgment before this court upon which an appeal could be taken.

In reply to appellee's motion to dismiss, appellant asserts that we are here concerned with an "adjudicated issue" which is "severable" within the terms of Rule 2-3 of this court. Rule 2-3 provides as follows:

> ". . . . No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such is-

sues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

Also, in support of his position appellant has cited numerous cases in which our courts have upheld the right of a party to appeal from an adverse ruling upon a petition to withdraw a plea of guilty.

First let us consider the cases relied upon by appellant. Are they determinative of the issue here presented? An examination of those cases discloses that they are not. In each of those cases a final judgment had been entered as to the offense charged, and the petition to withdraw asked not only that leave be granted to withdraw plea of guilty, but that the judgment itself be set aside or reversed. *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433; *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Adams* v. *State* (1951), 230 Ind. 53, 101 N. E. 2d 424; *Dowling* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801. See also, *Chandler* v. *State* (1949), 226 Ind. 648, 83 N. E. 2d 189, in which the court permitted an appeal on constitutional grounds, notwithstanding a plea of guilty which was not withdrawn.

Secondly, we consider whether or not there was a judgment from which an appeal in this case would lie. The case was pending before the Tippecanoe Circuit Court on appeal from the City Court of Lafayette, Indiana. Our statute authorizes appeals from the circuit courts or superior courts "from all final judgments" in the latter courts. §2-3201, Burns' 1946 Repl. (Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240). A judgment appealed from a city court to a circuit court is not a final judgment in the latter court, but is dependent upon a trial *de novo* in that court. §4-2603, Burns' 1946 Repl. (Acts 1917, ch. 77, §2, p.

185) ; §4-2701, Burns' 1946 Repl. (1955 Supp.), (Acts 1949, ch. 113, §1, p. 281) ; §4-2702, Burns' 1946 Repl. (Acts 1921, ch. 215, §2, p. 587) ; *Britton* v. *Fox et al.* (1872), 39 Ind. 369; *Reeves* v. *Andrews* (1855), 7 Ind. 207; *The State ex rel. Mason* v. *Miller* (1878), 63 Ind. 475; *Baldwin* v. *Runyan* (1893), 8 Ind. App. 344, 35 N. E. 569; *Hughes* v. *Chicago, etc., R. Co.* (1912), 50 Ind. App. 278, 98 N. E. 317. Therefore, there was no final judgment in the case in the Tippecanoe Circuit Court at the time appellant's motion was filed and denied upon which to support this appeal.

Finally, we consider whether or not the denial of the motion constituted a "severable," "adjudicated" issue in the case within the meaning of Rule 2-3, *supra,* as contended by appellant. To be a "severable," "adjudicated" issue, the issue must constitute such a distinct and definite branch of the case that a determination as to that issue reserves no further question or decision for further determination as to the party asking the appeal. *Quigley et al.* v. *Ackerman, Admr., etc.* (1954), 123 Ind. App. 660, 106 N. E. 2d 100, 110 N. E. 2d 753; Flanagan, etc., Indiana Trial and Appellate Practice, §2152, ch. 41 (1954 Pkt. Pt., p. 6).

The issue here presented goes to the jurisdiction of the court over the person and subject matter because of the illegal arrest. The issue is analogous to that which is ordinarily presented by plea in abatement. The rule is now well established that where a defendant files a plea in abatement, and there is a trial thereon resulting in a finding against defendant and an order that he plead over to the merits, such is not a final judgment which is subject to appeal, for it does not dispose of all the issues in the case as they affect the party involved. It is only when the defendant

refuses to plead over and the court enters a judgment for want of an answer that a final judgment exists. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1915), 60 Ind. App. 567, 109 N. E. 406. See also, *Sup. Realty & Bg. Co.* v. *First Nat. Bank, etc.* (1944), 115 Ind. App. 639, 59 N. E. 2d 739; Flanagan, etc., Indiana Trial & Appellate Practice, §2153, *Plea in abatement*.

After applying the same reasoning and the precedent of the above cited cases, we conclude that we are not here presented with a final appealable judgment. Appellee's motion to dismiss is therefore sustained.

Appeal dismissed.

Bobbitt, C. J., Arterburn, Emmert and Landis, JJ. concur.

NOTE.—Reported in 131 N. E. 2d 148.