STATE EX REL. CITY OF FORT WAYNE v. ALLEN
CIRCUIT COURT, HUGHES, JUDGE.

[No. 30,412. Filed June 19, 1963. Rehearing denied
September 18, 1963.]

*Jerome J. O'Dowd, Giles J. Pierre* and *Clarence R. McNabb,* all of Fort Wayne, for relator.

*Gilmore S. Haynie, David B. Keller,* and *Campbell, Livingston, Dildine & Haynie,* of counsel, all of Fort Wayne, for Gilmore S. Haynie and David B. Keller, amici curiae.

*Arthur H. Fruechtenicht, Leigh L. Hunt* and *Hunt, Suedhoff & Wilks,* of counsel, all of Fort Wayne, for Board of Trustees of Town of New Haven and Town (now city) of New Haven, amici curiae.

*W. O. Hughes, pro se.*

ARTERBURN, J.—This is an original action for a writ of mandate against the respondent court. The contorversy grows out of an annexation proceeding by the Board of Trustees of the Town of New Haven. After the Board of County Commissioners found in favor of the annexation, the matter was taken to the respondent court, where the Town of New Haven filed a plea in abatement. The City of Fort Wayne demurred to the plea in abatement and the respondent court sustained the demurrer. The Board of Trustees of the Town of New Haven thereupon filed a praecipe for an appeal to the Appellate Court of Indiana, and the respondent court entered an order staying all further proceedings in the trial court pending an appeal.

Although the briefs are quite voluminous, the issues here appear clearly drawn and quite simple:

(1) Is the relator entitled to a writ of mandate to compel a trial court to proceed to hear a matter pending in that court which has not yet been determined upon its merits?

(2) May an appeal be taken from the sustaining of a demurrer to a plea in abatement?

The answer to the last question must be in the negative. In the first place, the mere sustaining of a demurrer is not a final judgment. The record shows that no final judgment was entered. There was no refusal to plead over, and the court did not thereupon render a judgment for want of an answer. Secondly, even if a final order had been made overruling or denying the plea in abatement, it would not be either an interlocutory order or a final judgment from which an appeal could be taken. Burns' §2-3218; Burns' §2-3201.

We have said:

"Thus, for example, an appeal may be taken where a judgment is entered on the granting of a plea in abatement and the action is adjudged to be abated, but not where the plea is denied and the action proceeds to trial on the merits.

. . . . .

"The trial court may commit error in some of the procedural steps in such instances, but unless the proceedings are terminated finally by the ruling of the court, the party must proceed to trial and final judgment, in the meantime merely reserving and saving the alleged error until the final determination of the case. In an appeal from a final judgment in the case, such alleged errors, if properly saved, may then be presented. This procedure is made manifest by the statute itself, which provides for appeals in criminal cases." *Desho* v. *State* (1957), 237 Ind. 308, 145 N. E. 2d 429.

In *Smith* v. *State* (1956), 234 Ind. 691, 131 N. E. 2d 148, we also said:

"The issue is analogous to that which is ordinarily presented by plea in abatement. The rule is now well established that where a defendant files a plea in abatement, and there is a trial thereon resulting in a finding against defendant and an

order that he plead over to the merits, such is not a final judgment which is subject to appeal, for it does not dispose of all the issues in the case as they affect the party involved. It is only when the defendant refuses to plead over and the court enters a judgment for want of an answer that a final judgment exists."

Although these are criminal cases, the rule in civil proceedings with reference to a plea in abatement is the same. See also: *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1915), 60 Ind. App. 567, 109 N. E. 406. Therefore, there being no basis for an appeal at this point, there exist no grounds for a stay of the proceedings in the trial court. The relator is entitled to have the trial court proceed with the hearing of said cause.

A writ of mandate is the proper method to compel judicial action where there is a refusal to act. We may not, however, direct or control the judicial discretion involved in the performance of the act. We can only compel the court to hear and decide the matter and not to hold the cause in abeyance or refuse to proceed. *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 187 N. E. 203; *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407.

In *State ex rel. Steers, etc.* v. *Hancock Cir. Court, etc.* (1953), 232 Ind. 384, 112 N. E. 2d 855, we said:

"The writ of mandamus is a proper one to compel judicial action and to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel the court to hear and decide where they have jurisdiction, but not to predetermine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered."

The alternative writ of mandate heretofore issued directed the respondent court to vacate the order entered on January 11, 1963, staying the proceedings in the cause entitled "In The Matter of The Petition Of The Board of Trustees Of The Town Of New Haven," No. 26317, and required the respondent court to proceed forthwith to hear and determine the issues legally presented therein to final judgment.

The respondent having failed to show good cause, the writ is made permanent and absolute.

Myers, C. J., and Landis and Achor, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 98.