## KEETH *v.* STATE OF INDIANA.

[No. 24,220. Filed June 7, 1923. Rehearing denied June 26, 1923.]

1. INTOXICATING LIQUOR.—*Maintaining Common Nuisance.— Continuous Offense.*—In §20 of the prohibition law, Acts 1917 p. 15, §8356t Burns' Supp. 1921, providing that "any person who maintains or assists in maintaining such common nuisance, shall be guilty," etc., the words "common nuisance," and the words "maintains" and "maintaining" denote continuous or recurrent acts approaching permanence, and a prosecution thereunder should not be limited to proof of a single violation of the act. p. 550.

2. CRIMINAL LAW.—*Maintaining Common Nuisance.—Prosecution.—Election of Single Offense.*—In a prosecution under §20 of the prohibition law, Acts 1917 p. 15, §8356t Burns' Supp. 1921 defining and punishing the maintenance of a common nuisance, it is not error to refuse to compel the prosecution to elect upon which of three proved single acts to rely for a conviction, since the keeping of such house is a continuous act and an indivisible offense. p. 550.

From Elkhart Superior Court; *William B. Hile,* Judge.

William H. Keeth was prosecuted for maintaining a public nuisance. From a judgment of conviction, he appeals. *Affirmed.*

*W. H. Chester* and *Guy W. Dausman,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TOWNSEND, J.—Appellant was charged by indictment in three counts with the violation of the acts of 1917 (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921) commonly known as the Prohibition Law. Count one was for unlawfully selling under §4 of the act. Count two was for unlawfully manufacturing under §4. Count three was for maintaining a nuisance under §20. Each count charged the violation of the law on February 22,

1922. At the close of the state's evidence, the defendant moved to require the state to elect on which of three transactions proved, occurring on February 20, 21, or 22, 1922, it expected to rely for a conviction. The court sustained this motion as to the first and second counts, but overruled it as to the third count. The jury returned a verdict specifically finding appellant guilty on the third count. The ruling of the court in refusing to compel the state to elect on which transaction it would rely for conviction as to the third count presents the question that we are to consider here.

Section 20 of the act (Acts 1917 p. 15, *supra*) provides that any room, house, building, boat, structure, or place where intoxicating liquor is sold, manufactured, bartered or given away in violation of the law, or where persons resort for the purpose of drinking intoxicating liquor as a beverage, are declared to be a "common nuisance," and any person who maintains or assists in maintaining such "common nuisance" shall be guilty of a misdemeanor, and provides a penalty.

The words "common nuisance" as used in the statute carry with them a notion of continuous or recurrent violation. *United States* v. *Cohen* (1920), 268

1, 2. Fed. 420. Further than this, the section of the statute that we are here considering says: "Any person who *maintains* or assists in *maintaining* such common nuisance, shall be guilty", etc. (Our italics.) The words "maintains" and "maintaining" denote continuous or recurrent acts approaching permanence. We therefore conclude that the case is analogous to those of keeping a gaming house, and is governed by the rule laid down in *State* v. *Lindley* (1860), 14 Ind. 430, and *Nace* v. *State* (1889), 117 Ind. 114, 19 N. E. 729, to the effect that the keeping of such a house is a continuous act, and that all the time which a house or place is thus kept, prior to the prosecution, constitutes but one

indivisible offense, punishable by a single prosecution. Keeping a disorderly house under the old liquor law is an analogous offense, and under that it was held that proof of disorderliness in a single instance was not sufficient to sustain a conviction. *Overman* v. *State* (1882), 88 Ind. 6.

The trial court was correct in overruling the motion to require the state to elect on which particular transaction it would rely for conviction on the third count.

Appellant's other contentions would apply to a motion to quash, if they have any applicability at all.

The judgment is affirmed.