+-----------------------------------+
|                                   |
|     **FEDERAL OPINIONS**          |
|                                   |
+-----------------------------------+

No. 159
MILLER v. UNITED STATES
U. S. Court of Appeals, 6th Dist.
Nos. 4017, 4053. Decided July 2, 1924
Reported in full. 300 Fed. 529

**629. INDICTMENT—1. Advising date and place of offense sufficient under prohibition act.**

2. Bill of particulars will lie where sufficient knowledge is not given in indictment.

3. Assistant District Attorney may sign in his own name only.

**480. EVIDENCE—1.** Subsequent prosecution for offense provable under a former indictment barred.

2. Testimony of police officers that liquid loaded on truck was whisky, held sufficient to go to jury.

3. Where liquid is treate din trial court as whisky, evidence of the sale is sufficient to indicate the intoxicating character of the liquid.

4. Pocket memorandum containing orders for sale of liquor found in the defendant's place of business was not obtained as the result of an unlawful search.

5. A single sale may be submitted to a jury as evidence that seller was engaged in liquor business.

**465. ERROR—1.** Summary order appropriating money in bank for payment of fines not reversible error.

2. Errors based on objections not saved in the trial court, will not be considered by the Court of Appeals, except in cases of palpable miscarriage of justice.

3. Filing of supplemental assignment of error permissible, where counsel was unable to get copy of trial record within proper time without fault on his part.

4. Submission of liquid to jury to determine whether it was intoxicating held not prejudicial error.

**1079. SENTENCE—1.** Where possession was merely incidental to a sale, sentences for sale of, and also for possession of intoxicating liquors constitutes double punishment for the same act.

2. Whether the court had power to change original sentence and then again change the sentence so as to reinstate the original sentence is immaterial.

5. Use of premises as an office for giving directions as to a liquor business, receiving orders and payments and carrying a pocket memorandum of same does not constitute the premises a "nuisance" under the prohibition act.

DENISON, C. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Judgment affirmed.

Miller with others was indicted on four counts, first, to violate the prohibition act, second, for unlawful possession, third, for unlawful sale and fourth, for maintaining a nuisance. He was convicted on all four counts and sen-

tenced upon each. June 25th an order on the juornal of the court was entered, vacating the former sentence and imposing a new one for fines of about half the former amount, and for less imprisonment. On July 6th an order was entered vacating the sentence of June 25th, and re-imposing the original sentence. On the same day, upon a summary and informal inquiry, it developed that Miller had about $6,000 in the bank, deposited in the name of his sister, and his sister being present in court and admitting that the money belonged to Miller, and neither she nor Miller making any objection, the court ordered this money be paid by the bank to the Clerk of the Court, and to be applied by the Clerk to the payment of the fines. No proceeding for review having been initiated, Miller was committed July 16th. New counsel having been employed by Miller a writ of error was allowed July 17th and Miller was admitted to bail. While on bail Miller was again indicted with others, in count 1 for conspiracy to violate the prohibition act, count 2, for possession, and count 3, for maintaining a nuisance. Upon the second indictment he was found guilty on all three counts, and fined and sentenced in addition to the imprisonment imposed in the former case. A writ of error was allowed in the second case. In the first case conviction under the nuisance count was set aside and sentence under the possession count vacated, but otherwise conviction affirmed, and in the second case conviction was affirmed, the Circuit Court of Appeals holding:

1. The assignment of errors filed with the petition for writ of error omitted some claims of error which were afterwards supplied by a so-called supplementary assignment. This was held to be in substantial conformity to the rules of the court.

2. The indictment was held sufficient in that it stated the time and place of the offense sufficiently.

3. A judgment on such an indictment is a bar to subsequent prosecutions for any offenses which could have been proved under the indictment.

4. Under the prohibition act the indictment is sufficient by stating the general facts in the words of the statute and need not allege specific details.

5. There was no substantial prejudice in the change of the sentence and the reinstatement of it.

6. There was no prejudice to Miller justifying a reversal of the order appropriating the money in the bank to be applied to the payment of the fines.

7. Sentence for the sale and for the possession constitutes a double punishment for the same act where the act of possession relied upon was merely that possession necessarily incidental to the sale.

8. The Judicial Code does not require the appeals court to notice error based on objections not saved in the trial court.

9. It would be nonsense to suppose that Miller was selling for $30.00 six gallons of pure water, or near beer, or milk, or toilet water, or that "the stuff" several times mentioned was bought or sold as anything else than alcoholic liquor.

10. The pocket memorandum book of Miller, containing orders of sale, and found in his office at the time the arrests were made. was not obtained by unlawful search.

11. The finding of the book in the office where orders were received for liquor and payments received was not sufficient to constitute the premises a nuisance.

12. It is sufficient for the Assistant District Attorney to sign the indictment in his own name only.

13. Where the testimony of police officers who made the arrests is that articles loaded on the truck were whisky, it is sufficient evidence to submit to the jury as to the alcoholic contents of the liquid.

14. One act of possession or sale in a place does not necessarily and of itself constitute the maintaining of that place for forbidden purposes, but proof of such single act, under some surroundings and circumstances, will support a jury in finding that it was so maintained.

15. It was not prejudicial error to submit to the jury the liquor seized for the jury's independent determination as to its alcoholic quality.

Attorneys—H. A. Behrendt, Detroit, Michigan, for Miller; George E. Reed, Toledo, Asst. U. S. Atty.; A. E. Bernsteen, U. S. Atty., Cleveland, for government.

---

## SUPREME COURT PENDING CASES

(Continued from Page 84)

2. Zehring did not live up to the contract into which he entered, as evidenced by his sending in a bill for nursing Susie Flick, and purchasing only one-third of the food necessary to run the household of which he was a member.

3. Zehring had conveyed title to the land which he held in escrow and which might some time be his.

The Common Pleas rendered judgment in favor of Zehring. Error was prosecuted to the Court of Appeals which held:

1. Circle must prove his averments by a preponderance of the evidence even though the relation between Zehring and the Flicks was confidential.

2. Endorsements on said notes in controversy, and placing of same in escrow were reg-