### GAVIN v. STATE OF INDIANA.

[No. 25,138. Filed January 26, 1927.]

1. INDICTMENT AND AFFIDAVIT.—*Misnomer of defendant not available when he proceeded to trial without objecting thereto.*—The fact that the prosecution was against the defendant by a wrong name is not available to a defendant who has pleaded not guilty and entered upon the trial of the case without objecting thereto (§§2208, 2209 Burns 1926). p. 40.

2. . CRIMINAL LAW.—*What evidence considered in determining whether finding supported by sufficient evidence.*—In determining on appeal whether the finding or verdict is sustained by sufficient evidence, the court considers only the evidence supporting conviction. p. 40.

3. INTOXICATING LIQUORS.—*Evidence showing purchase of liquor from defendant insufficient to sustain conviction.*—In a prosecution for possessing and selling intoxicating liquor, proof of the purchase of liquor from the defendant, without any evidence that it was intoxicating, would not sustain a conviction. p. 41.

4. INTOXICATING LIQUORS.—*Burden on state to show that intoxicating liquor was sold, etc., in prosecution for maintaining liquor nuisance.*— In a prosecution for maintaining a liquor nuisance, the state has the burden of showing that the defendant maintained or assisted in maintaining a place where intoxicating liquor was sold, etc., in violation of §24 of the Prohibition Law of 1925 (§2740 Burns 1926). p. 43.

5. INTOXICATING LIQUORS.—*Evidence of single sale insufficient to sustain conviction for maintaining liquor nuisance.*—Evidence of a single sale was insufficient to sustain conviction for maintaining a liquor nuisance in violation of §24 of the Prohibition Law of 1925 (§2740 Burns 1926); the words "maintain" and "maintaining" denoting continuous or recurring acts approaching permanence. p. 43.

From Marion Criminal Court (59,844); *James A. Collins,* Judge.

William Gavin was convicted of possessing and selling

intoxicating liquor and of maintaining a liquor nuisance in violation of the Prohibition Law of 1925, and he appeals. *Reversed.*

*James E. Rocap,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was charged by an affidavit in three counts with a violation of the Prohibition Law and especially with the violation of §§4 and 24 of an Act of the General Assembly of Indiana, Acts 1925 p. 144, being entitled "An Act Concerning Intoxicating Liquors."

The first count charges the unlawful possession of intoxicating liquor; the second count charges unlawful sale of intoxicating liquor, and the third count charges the maintenance of a nuisance as defined in §24 of said act. There was a trial by the court without a jury and the court found the defendant guilty on each count of the affidavit. A motion for a new trial was filed and overruled. The causes for a new trial as specified in said motion are: (1) The finding of the court is contrary to law; and (2) the finding of the court is not sustained by sufficient evidence.

One of the contentions of the appellant is that the evidence does not show the name of appellant to be the same as that set forth in the affidavit. The first count names the appellant as Gyppy Gavin, and the second and third counts name the appellant as William Gyppy Gavin. To each count of the affidavit, the appellant entered a plea of not guilty. The appellant testified on the trial of the case that his name was William Gavin.

Section 2208 Burns 1926 provides that if the defendant be accused by a wrong name, unless he declares his true name before pleading, he shall be proceeded against by

the name in the indictment or affidavit.   Section 2209 Burns 1926 provides that if he allege that another name is his true name, it must be entered in the minutes of the court and subsequent proceedings may be had against him in that name referring also to the name by which he is accused.

It appears from the record that the appellant entered a plea of not guilty to each count and entered upon the trial of the case without any objection to the names used in the affidavit.   The fact that the proceedings were had against appellant under a wrong name cannot avail him when he has pleaded not guilty; and entered upon the trial of the case without making objection thereto.   *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009.   This contention of the appellant is without merit.   There is no doubt that he is the person meant in each count of the affidavit filed against him and he does not dispute that fact.

It appears from the record that on the trial of the case, there was only one witness called by the state. As the testimony of this witness is short, it is set in full.   The defendant denies all the statements made in the evidence of this witness for the state but, in determining whether the finding of the court is supported by sufficient evidence, we must consider only the evidence favorable to the prevailing party, which, in this instance, is the state.   We therefore look to the testimony of this witness in determining whether the finding is sustained by sufficient evidence.   The testimony of the state's witness is as follows:

W. J. Keeney, a witness called on behalf of the state, being first duly sworn, testified as follows: "Q. State your name.   A. W. J. Keeney.   Q. State your business.   A. I am a Federal Prohibition Agent.   Q. Do you recognize the defendant here, William Gavin? A. I do.   Q.   State whether or not, about the 2nd day

of December you had any conversation with the defendant, and bought any liquor? A. I did. Q. When was that? A. That was eight-fifteen p. m. on the second day of December, 1925. Q. Did that occur in this city, county and State? A. Yes. Q. What part of the City? A. 818 South West Street. Q. What is located at that address? A. Pool room and bar. Q. Under what circumstances did you buy any liquor from the defendant? A. That night, I was driving a Yellow Cab. I had a yellow cab uniform and I walked into this place and there were six or seven men in there drunk. I walked up to Mr. Gavin and told him I wanted to buy a half-pint of liquor for a party out there. Mr. Gavin was about half intoxicated at that time. He walked in the back room and got a half-pint of liquor and I put it in my coat pocket and gave him a one dollar bill and he rang it up—put it in the cash drawer."

Cross examination: "Q. What date was that? A. December 2, 1925. Q. Where was this? A. 818 South West Street. Q. What sort of a place is that? A. A pool room and soft drink place. Q. You saw this man in the place? A. Yes. Q. This is the man you testified about selling you the liquor? A. Yes. Q. How large a room was this? A. I could not say. Q. Where did this transaction take place? A. In a rear room, a room back of the pool room. Q. Was it well lighted? A. It was. Q. You are positive this is the man that made the sale? A. Absolutely."

In regard to the proof upon the first two counts of the affidavit, the appellant claims that there is no evidence sustaining the charge in the affidavit that the appellant was in the possession of or that he sold intoxicating liquor. If the liquor purchased by the Federal Prohibition Agent in this case was intoxicating liquor, the proof could have been easily made upon the trial and

can be made upon another trial of the case. The fact that no such proof was made or attempted to be made might indicate that the state was unable to prove that the liquor was intoxicating. One of the material allegations of the affidavit was that the liquor was intoxicating liquor. There is no proof and no attempt to prove that the liquor was intoxicating, therefore, as to the first and second counts of the affidavit, there was a failure of proof, and the appellant is right in his contention that the finding of the court is not sustained by sufficient evidence. See *Kurtz* v. *State* (1881), 79 Ind. 488; *Houser* v. *State* (1862), 18 Ind. 106; *Plunkett* v. *State* (1879), 69 Ind. 68.

The state insists that the evidence of the facts surrounding the purchase of the liquor was sufficient to justify the jury in finding that the liquor sold was, in fact, intoxicating and cites Intoxicating Liquors, 33 C. J. 773, and *Miller* v. *United States* (1924), 300 Fed. 529, par. 9. These citations do not sustain appellee's contention, but are to the effect that if a sale of intoxicating liquor is charged, there must be proof that the liquor was intoxicating, and in 33 C. J. 774, §527, it is said that on a trial for a violation of the liquor law, "it was necessary to show by the evidence that the liquor in question was intoxicating."

In *Miller* v. *United States, supra,* the trial court submitted the liquor in controversy to the jury for their determination as to its alcoholic quality and, on appeal, the circuit court said: "We pass by, without discussion, the propriety of submitting to the jury the liquor seized for the jury's independent determination as to its alcoholic quality. Such submission did no harm. The evidence as to its identity as alcohol and whiskey was undisputed."

The burden was on appellee under the allegations of the third count of the affidavit to show, beyond a reason-

able doubt, that appellant maintained or assisted in maintaining a common nuisance as defined in §24, Acts 1925 p. 144. Section 24 of Acts 1925 p. 154, provides that any room, house, building, boat, structure, or place of any kind where intoxicating liquor is sold, manufactured, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place where such liquor is kept for sale, barter, or gift in violation of the laws of this state, and all intoxicating liquor and all property kept in and used in maintaining such a place are hereby declared to be a common nuisance, etc. There is no evidence that any intoxicating liquor was sold, manufactured, bartered, or given away or that such liquor was kept for sale, barter, or gift, in violation of the laws of this state or that any persons were permitted to resort to such place for the purpose of drinking intoxicating liquor as a beverage, at the place alleged to have been maintained as a common nuisance. Nor is there any evidence that appellant maintained or assisted in maintaining such place.

Section 24 of "An Act Concerning Intoxicating Liquors" Acts 1925 p. 144, is practically a re-enactment of §20 of the Prohibition Act of 1917, Acts 1917 p. 15. Section 20 of the Prohibition Act of 1917, was construed by this court in the case of *Keeth* v. *State* (1923), 193 Ind. 549, 139 N. E. 589. In the case of *Keeth* v. *State, supra,* this court, speaking by Judge Townsend, said: "The words, 'common nuisance' as used in the statute carry with them a notion of continuous or recurrent violation. *United States* v. *Cohen* 268 Fed. 420. Further than this, the section of statute we are here considering says: 'Any person who maintains or assists in maintaining such common nuisance shall be guilty, etc.' The words "maintains" and "maintaining" denote continuous or recurrent acts

approaching permanence. We therefore, conclude that the case is analogous to those of keeping a gaming house and is governed by the rule laid down in *State* v. *Lindley* (1860), 14 Ind. 430, and *Nace* v. *State* (1889), 117 Ind. 114, to the effect that the keeping of such a house is a continuous act and that all the time a house or place is thus kept, prior to the prosecution, constitutes but one indivisible offense, punishable by a single prosecution. Keeping a disorderly house under the old liquor law is' an analogous offense, and under that it was held that proof of disorderliness in a single instance was not sufficient to sustain a conviction. *Overman* v. *State* (1882), 88 Ind. 6."

The finding on the third count is not sustained by sufficient evidence. *Keeth* v. *State, supra*; *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.