### COTTRELL v. SANFORD, Warden.

#### No. 10005.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1941.

Rehearing Denied Jan. 12, 1942.

Augustus H. Cottrell, in pro. per., of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

An indictment was returned against Augustus H. Cottrell in the District Court of the United States for Puerto Rico. The indictment was in thirteen counts, and charged that on thirteen separate occasions Cottrell had in violation of 18 U.S.C.A. § 76 falsely pretended to be an officer and employee acting under the authority of the United States. On August 23, 1940, the day of arraignment, Cottrell entered a plea of guilty to all thirteen counts of the indictment, and the court sentenced him to serve eighteen months in the penitentiary on each count, the sentences to run consecutively. On August 26, 1940, Cottrell wrote a letter to the trial judge requesting a reduction of the sentence imposed. After receipt of the letter the court reduced the sentence to one year on each count, the sentences to run consecutively. The prisoner was removed from Puerto Rico and was committed to the United States Penitentiary at Atlanta, Georgia. In March, 1941, he filed petition for a writ of habeas corpus. The prisoner was produced in court, a hearing was held, and on June 7, 1941, the court handed down its opinion, and entered an order discharging the writ and remanding the prisoner to the custody of the warden of the penitentiary. Cottrell has appealed.

Cottrell contends that his imprisonment in the Atlanta penitentiary is unlawful since his sentences are each for only one year. There is no merit in this contention. Rogers v. Desportes, 4 Cir., 268 F. 308; Corollo et al. v. Dutton, 5 Cir., 63 F. 2d 7, 8[3].

Appellant's complaint of double jeopardy as to the offense charged in the first count of the indictment does not find support in the record. The offense charged in the first count is for violation of the impersonation statute, 18 U.S.C.A. § 76; and the conviction in the Municipal Court of San Juan, Puerto Rico, upon which Cottrell relies to support his double jeopardy claim, appears to be for passing a bad check. Moreover, the complaint of double jeopardy touches only one of the thirteen counts of the indictment, and could not under any view of the case involve more than one year of the thirteen year sentence.

Appellant's contention that he was not represented by counsel is refuted by the record which affirmatively shows that he was represented by counsel appointed by

the court; and that the plea of guilty was entered by him after he had conferred with his attorney.

The court committed no error in fixing the sentences to run consecutively, and appellant may not complain here of the length of the sentences imposed since they are below the maximum of three years which might have been lawfully imposed under the statute.

Other contentions of the appellant are not sufficiently meritorious to require discussion.

We find nothing in the record which would entitle Cottrell to discharge under a writ of habeas corpus.

The judgment is affirmed.