## ROBINSON v. UNITED STATES.

### No. 8034.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1942.

Mr. David A. Hart, of Washington, D. C., for appellant.

Mr. Bernard Margolius, Assistant United States Attorney, with whom Messrs. Edward M. Curran, United States Attorney, and John W. Fihelly and Charles B. Murray, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

Appellant was convicted of rape. The jury included the death penalty in their verdict.[1]

In his motion for new trial, which was denied, defendant (appellant) stated that the verdict was contrary to the evidence. Similarly this point was noted on appeal. In his brief, and at oral argument here, defendant abandoned any such point. Defendant's decision not to press further the argument was entirely proper.

■ There can be no doubt that the Government's evidence was strong and convincing. The complaining witness testified with detail and definiteness concerning how she, in one of three line-ups, identified the defendant as the man who had attacked her, and, by force, had sexual intercourse with her. This was the only line-up in which defendant appeared. During the trial, she reidentified the defendant as her assailant when questioned by Government counsel, by defendant's counsel, and by the Court. In addition to the complaining witness' positive identification, there was much substantiating evidence both of identification and of the crime. Some of it was circumstantial. Some of it was in the form of testimony concerning damaging admissions previously made by defendant. Taken all together it would be impossible for a court to say that the jury could not find the defendant guilty beyond a reasonable doubt. In short, the evidence presented supports the verdict which inflicts the law's severest penalty.

We now consider the points that are raised by defendant on this appeal. Defendant contends (1) that the trial court erred in denying his motion for an indefinite continuance, (2) that the failure of the Government to call all of its witnesses, whose names and addresses had been given to defendant as required by law,[2] took him by surprise, (3) that the indictment is defective because it is signed by an Assistant United States Attorney rather than by the United States Attorney, and (4) that he was prejudiced by the numerous counts of the indictment. We find no merit in any of these contentions. The points will be discussed seriatim.

■■ The basis of defendant's motion for an indefinite continuance was his belief that the alleged confession of another man to ten or more similar offenses had inflamed the mind of the community so that he could not receive a fair trial. A general indignation toward those who commit rape is not regarded by our society as bias or prejudice. There was no showing that the inflamed mind was directed toward this defendant; in fact, there was no specific showing of any kind in support of the motion. We cannot assume, in support of such a motion, that all juries impaneled at any given time are not going to give any defendant a fair trial. Thus the nebulous ground for the motion to continue, plus the discretion vested in the trial court in such matters, means that the complained of action does not even approach reversible error.

■ The Government's failure to call all of its witnesses would seldom, if ever, cause unfair surprise to a defendant. There is no reason to believe that it did in this case. Defendant has not alleged nor shown that the witnesses were not available for him. Likewise, he has not made any proffer of proof to the effect that their testimony would have helped him in any way. Defendant did call three witnesses that were on the list. Their aid to him was very tenuous. It is reasonable to believe that he called the best from his viewpoint. The defendant has in no way indicated that the surprise came because he was not ready to continue with the trial when the Government closed its case. If it can ever be said that a contention falls through the mere statement of it, this one does.

■ There are probably several reasons why the defendant's third contention, that the indictment is defective because it was

---

[1] D.C.Code (1940 ed.) § 22—2801. See Sanselo v. United States, 44 App.D.C. 508.

[2] 18 U.S.C.A. § 562.

324

signed by an Assistant rather than by the United States Attorney, is not sound, such as—the signature of the latter is not required,[3] or the Assistant may act for him,[4] or the objection comes too late [5]—but for the purposes of this case we hold that the contention is not meritorious because it concerns a matter of form which did not prejudice defendant.[6] The Supreme Court has so held even when this alleged defect was coupled with others.[7]

Defendant's last contention is that he was prejudiced because the indictment had numerous (four) counts. Two counts charged two acts of sexual intercourse with a girl under age of consent.[8] The other two charged the same two acts of sexual intercourse as being consummated with force and without consent.[9] After all the evidence was taken, the Court inquired whether there was to be an election or any request for one. When there was neither, the Court asked defendant if he was ready to go to the jury on all four counts. He responded that he was. During his charge, however, the Court remarked that the four counts might make it appear that the defendant was guilty of four offenses, and since the testimony was that the complaining witness was under 16, he let the case go to the jury only on the two counts of carnally knowing a girl under the age of consent. The defendant in no way questioned this or any other part of the charge, all of which appears fair, clear, and correct to us. If there was any possibility of confusion or harm concerning the counts of the indictment until this time, and we believe there was none, there was certainly none thereafter.

Considering the defendant's points severally and jointly we perceive no error. A careful study of the record reveals no points of error which defendant overlooked.

Affirmed.

[3] Miller v. United States, 6 Cir., 300 F. 529, 536.

[4] Ibid.

[5] The Supreme Court has held that the absence of an endorsement of an indictment as a true bill and of the signature of the foreman of the grand jury was not fatal when the objection was not timely made. Frisbie v. United States, 157 U.S. 160, 163, 165, 15 S.Ct. 586, 39 L.Ed. 657.

[6] "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant, * * *." 18 U.S.C.A. § 556.

[7] Caha v. United States, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415.

