HARRIS v. SANFORD, Warden.

No. 2215.

District Court, N. D. Georgia, Atlanta Division.

Feb. 25, 1947.

964

Petitioner in personam.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Eugene Ferry Smith, Colonel, J.A.G.D., Staff Judge Advocate, Seventh Army, all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was convicted before a General Court-Martial convened in England, charging in two specifications, violations of the 92nd Article of War, 10 U.S.C.A. § 1564, consisting of assaults upon two individuals with intent to commit a felony.

A sentence of ten years imprisonment at hard labor was imposed on November 23, 1945, and duly approved according to law.

Petitioner alleges as grounds for writ of habeas corpus that he had a right to be confronted by one of the persons alleged to have been wounded in the assault. He further alleges that he requested permission to cross-examine her both during the preliminary investigation and subsequently in the trial, but that the request was denied because she was not available. He also urges certain conflicts in the testimony of a witness called against him by the prosecu-

tion. Writ was granted and a hearing had at which petitioner gave testimony and introduced documentary evidence.

■ The sentence imposed upon petitioner was a general term of ten years imprisonment, following a finding of guilty on both specifications. If the term imposed is within the limits prescribed by law for the offense charged in either of the specifications, petitioner can not be discharged even though an illegal judgment was rendered on one specification. United States v. Trenton Potteries Co., 273 U.S. 392(3), 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; Cottrell v. Sanford, 5 Cir., 123 F.2d 75, cert. denied 316 U.S. 684, 62 S.Ct. 1275, 86 L.Ed. 1756. The maximum term permissible under military discipline for the offense charged against petitioner was twenty years (Manual for Courts-Martial, 1928, § 104c).

■■ As to petitioner's claim of a constitutional right to have the individual wounded, Ethel D'Arcy, present to testify in his behalf, the record indicates (page 17) that she was listed on the charge sheet as a witness against petitioner and a statement of result of interview with her is appended thereto (page 32). However, the prosecution need not utilize all the witnesses having some knowledge of the matter under investigation (Robinson v. United States, 76 U.S.App.D.C. 29, 128 F.2d 322), but may exercise discretion concerning the witnesses called (Curtis v. Rives, 75 U.S.App. D.C. 66, 123 F.2d 936), so long as testimony material to the defense is not actually suppressed (Morton v. United States, 79 U.S. App.D.C. 329, 147 F.2d 28, certiorari denied 324 U.S. 875, 5 S.Ct. 1015, 9 L.Ed. 1428. If, therefore, petitioner desired the testimony of this witness, it was incumbent upon him to make a timely request for her to be summoned or testimony secured in some other appropriate manner. A careful reading of the record fails to disclose that petitioner made such a request, either in person or by his counsel, and his verbal testimony is not supported by the record.

■ The matter of conflicts in the testimony of a witness for the prosecution was one for decision by the Court-Martial and can not be considered on habeas corpus.