Torrence McMORRIS,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–878A201.

Court of Appeals of Indiana,
Third District.

Aug. 1, 1979.

David Keckley, South Bend, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Torrence McMorris was found guilty by the trial court of delivery of a controlled substance. The first argument he raises in this appeal is that the delay between the alleged sale and the indictment violated IC 35–3.1–1–4 and the due process clause of the Fifth Amendment.

On August 13, 1976, acting pursuant to a search warrant, police officers conducted a raid on the house where McMorris and his brother lived. The purpose of the search was to seize narcotics, controlled substances and paraphernalia. However, as a result of the search, McMorris was arrested and jailed for possession of stolen property. When that charge was dropped three days later, he was released but was subsequently charged with possession of drugs seized during the raid. The charge in this appeal stems from his alleged sale of cocaine to an informant and an undercover officer six days after the raid on August 19, 1976.

McMorris was not arrested nor indicted for this sale until March 7, 1977. He filed a motion to dismiss the indictment before trial. A hearing was held at which he testified that he had no memory of his activities or whereabouts on August 19, nor did any friends or relatives whom he had contacted. He stated his mother might have remembered, but that she had died before the indictment had been handed down. He also testified that during August he had not held a steady job, but had worked occasionally for an uncle who kept no records as to the time or dates of McMorris' employment. McMorris himself kept no diary or other record of his daily activities. He had also worked occasionally with a musical group, but had not contacted any of its members to see if they remembered his whereabouts. McMorris urges the delay prejudiced his ability to prepare a defense, particularly an alibi defense. He cites his inability to re-

construct the events of August 19 and urges that the state's case was also impaired because the passage of time detracted from the reliability of the state's witnesses.

The state contended at the hearing that the delay was solely the result of an attempt to protect the identity of the undercover officer and an informant. Both men had been brought into St. Joseph County from other areas to work undercover. The police officer ceased working in St. Joseph County about four months after the August sale; the informant ceased work in February 1977. McMorris was indicted shortly after the informant's work ended.

The trial court denied the motion to dismiss, relying heavily on the case of *Robinson v. United States* (1972), 148 U.S.App. D.C. 58, 459 F.2d 847. It first found that the delay was not unreasonable and noted that indictment followed the termination of the informant's activities by less than a month. The court also found that the delay did not prejudice McMorris. While it did not reject his claim of inadequate memory out of hand, the court refused to let that factor be determinative. Pointing to the death of McMorris' mother, the court noted there was no reason to believe she would recall the events of August 19th with any greater clarity than her husband, nor that if she did, she would aid McMorris' defense. Nor could the court conclude that were it not for the delay, recollection on McMorris' part would have been better. The court also pointed out McMorris had not questioned all those who might have been of assistance to him and refused to conclude that those people would be of no aid simply because the people whom he did contact could not remember. Finally, because the *Robinson* court had considered whether delay might have affected or in some way tainted the identification of the defendant, the trial court analyzed that issue. It noted that both the informant and the undercover officer had been present at the sale, reported the sale to their superior and identified McMorris from a mug shot. The informant had been involved in an earlier sale with McMorris and had identified him from a mug shot before the August 19 sale. There was, therefore, no uncorroborated one-on-one identification regarding the sale of August 19th.

McMorris contends the trial court erred and that the seven-month delay violated IC 35–3.1–1–4 and his rights to due process. IC 35–3.1–1–4 provides that a trial court may dismiss an information when the prosecution is "untimely brought." McMorris urges that this statute is applicable to prosecutions brought in violation of due process rights as well as those brought beyond the statute of limitations. We need not comment on whether IC 35–3.1–1–4 may be applied as McMorris wishes because we find no due process violation occurred.

■ While the legislatively enacted statute of limitations fixes the primary guarantee against pre-arrest delay in setting the maximum time that may pass between the alleged offense and initiation of criminal proceedings, it has been recognized that due process considerations may require dismissal where initiation occurs within the statute but sufficiently after the offense occurred to constitute prejudice to the defendant. *United States v. Lovasco* (1977) 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752. At least one court has noted that the problem of delay may be particularly prevalent in narcotics cases.

"The recurring problem of delay between an alleged narcotics crime and the arrest of the accused arises from methods the Government must employ to unearth violations of that kind. The clandestine character of narcotics traffic makes the use of undercover policemen well nigh an absolute necessity. Entree into the underworld of drug activity is most successfully gained by newer officers whose identification with the police force has not become known. The efficient utilization of personnel working under cover demands extension of their anonymity for the periods during which the undercover assignments are carried out. Since, as a practical matter, complaints can be publicized only after tours of duty are

completed, alleged violators are in the meantime left unaware that they will be charged." *Robinson v. United States* (1972), 148 U.S.App.D.C. 58, 459 F.2d 847, 850-1.

A balance must be struck between the due process rights of the accused and the interests of society in effective law enforcement.

In *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, the Supreme Court recognized the potential for prejudice to a defendant from delays occurring both between the time of the criminal act to the time of indictment and those occurring after arrest. While the delays occurring before arrest create no Sixth Amendment violations, one form of potential harm is present in both situations:

"Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself." *U. S. v. Marion, supra,* at 321, 92 S.Ct. at 322.

Moreover, impairment of memory may afflict not only the defendant but the state's witnesses as well.

However, the Court in *Marion* required a showing of actual prejudice in order to successfully claim a due process violation occurred. This court has adhered to that requirement. *Burress v. State* (1977), Ind. App., 363 N.E.2d 1036. Despite the language in *Robinson v. U. S., supra,* 459 F.2d at 852 which indicates that because of the nature of undercover narcotics investigations a "plausible claim" of prejudice [1] may be sufficient, we decline to adopt that view. As was stated in *United States v. Cowsen* (7th Cir. 1976), 530 F.2d 734, 736:

"A claim of faded memory, the veracity of which can rarely be satisfactorily tested, can be plausibly asserted in almost any criminal case in which the defendant is not charged within a few weeks, at most, after the crime. The possibility or likelihood of faded memory has not, however, in itself, been viewed as prejudice

that requires dismissal of an indictment, despite delays of much longer than the four and one-half months shown here." [citations omitted]

In *U. S. v. Marion, supra,* 404 U.S. at 324-325, 92 S.Ct. at 465 the Court pointed out that:

"Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay, and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution."

█ We agree with the trial court that McMorris' claim of impaired memory on his part as well as on the part of those of his friends and relatives whom he had contacted does not sufficiently demonstrate prejudice. At most he has shown that he does not remember if he has an alibi defense and that certain of his acquaintances are unable to jog his memory. He has not shown that, for example, he once had an alibi defense which the passage of time has eroded or made impossible to present.

McMorris' claim of prejudice because delay of necessity vitiated the reliability of identification testimony must also fail. Certainly delay may call into question ". . . the reliability of the techniques which the government uses to identify the defendant as the perpetrator of the crime." *U. S. v. Cowsen, supra,* 530 F.2d at 736. However, it is not the case that delay must always result in misidentification or that an identification after a certain period of time has passed is inherently and presumptively unreliable. Each claim of prejudice must turn on the circumstances presented by the evidence. *U. S. v. Marion, supra.*

At McMorris' trial the undercover officer testified; the informant was not called. While an uncorroborated identification is a factor to be considered in assessing a claim of actual prejudice (*Robinson v. U. S., supra; Ross v. U. S.* [1965], 121 U.S.App.D.C. 233, 349 F.2d 210), this case does not square-

---

1. However, in *Powell v. United States* (1965), 122 U.S.App.D.C. 229, 352 F.2d 705, a case which followed *Ross v. United States* (1965), 121 U.S.App.D.C. 233, 349 F.2d 210, actual prejudice appears to be required.

ly present that situation, nor do the facts show an unreliable identification. Although the informant did not testify, he had known McMorris' identity before the raid and had identified McMorris from a mug shot to the officer in charge of the raid. The informant led the undercover officer to McMorris and the two of them were present at the sale. The officer had approximately 20 minutes to observe McMorris during the transaction. After the sale he identified McMorris to his superior officer from a mug shot. The witness was a trained police officer experienced in undercover operations. His initial twenty minute observation was reinforced by viewing a mug shot. These factors do not lead to the conclusion that his identification was unreliable. We find no prejudice to McMorris has been demonstrated.

Finally, we note that even a demonstration of actual prejudice may not be sufficient to amount to a violation of due process. In *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752, the Supreme Court expanded upon the language above quoted from *Marion* concerning the possibility of actual prejudice resulting from delay of any duration. That language

> " . . . makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that *the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.*" (Emphasis added)

There may be several factors characterizing an unjustified delay. However, it is clear that when the sole reason or motive behind the delay is to gain a "tactical advantage" over the defendant, the delay is unjustified. In *Lovasco* the Court ruled that a delay which was prompted by further investigation of the defendant did not fall within that category. The Court commented extensively on the valid reasons behind allowing prosecutors considerable discretion in the timing of charges. The Court did not refer to investigation of other unrelated crimes which caused delay be-

cause of the necessity of protecting the confidentiality of the identity of the investigators. However, as noted in *Robinson, supra,* such investigations are legitimate and necessary law enforcement procedures. A delay resulting from these activities is not improper or unjustified. Although a case may arise when pursuit of investigation borders on an attempt to gain a tactical advantage over the defendant, that clearly is not the case here. The period of delay here was not particularly long (*see U. S. v. Cowsen, supra*) and indictment followed almost immediately after the informant's effectiveness ended. The length of delay coupled with the swiftness of indictment demonstrates that the reason for delay was that which the officers testified to: protection of the informant's identity. *See U. S. v. Lovasco, supra,* 97 S.Ct. at 2052 and n. 19.

McMorris' next assertion of error concerns the admission into evidence of the search warrant, probable cause affidavit and return which precipitated the August 13 raid. The state introduced the evidence as foundation for an officer's testimony which was offered to refute McMorris' defense of entrapment. The testimony was intended to show predisposition. McMorris argues that the warrant was inadmissible hearsay and further that predisposition cannot be proven by hearsay.

In *Medvid v. State* (1977), Ind.App., 359 N.E.2d 274 we declared that in a jury trial admission of hearsay statements which carried with them no indicia of reliability and which were the sole evidence of predisposition constituted prejudicial error. In *Clark v. State* (1978), Ind.App., 379 N.E.2d 987, 988 the court reiterated the rule that search warrants and probable cause affidavits

> " . . . have no bearing on any issue before the jury. These documents pertain only to the admissibility of evidence obtained under the warrant and that determination is a matter for the court, not the jury."

In that case the court held that while admission of the warrant and affidavit was

error, it was not reversible error because the court instructed the jury that this evidence was introduced only to show by what authority the search was conducted and admonished them not to consider the warrant or affidavit in their deliberations.

In the instant case, several of the objectionable factors present in *Medvid* are absent. The physical evidence was not the only evidence of predisposition. The police officer who directed execution of the warrant testified that he had also served it. In doing so he observed McMorris and the seizure of the drugs and stolen property. In addition, McMorris had waived trial by jury. We presume that the court considered the warrant only as authority for the testimony about the raid. McMorris points to nothing which would indicate otherwise. The trial judge stated in overruling McMorris' objection:

> "As I see it this is to corroborate the issue that you have raised of entrapment and for that purpose alone this will be entered into the record. I think in my own mind I can separate the incident." Transcript, p. 131.

The immediately preceding arguments of counsel indicate that by "the incident" the court was alluding to the sales referred to in the warrant. It is clear the court did not consider the hearsay contained in the warrant and affidavit as evidence of predisposition, but only as bearing on the officer's authority to conduct the search.

Affirmed.

HOFFMAN and STATON, JJ., concur.