**Marlin PLOWMAN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 42A05–9205–CR–138.**

Court of Appeals of Indiana,
Fifth District.

Dec. 21, 1992.

Rehearing Denied Jan. 27, 1993.

Christopher A. Ramsey, Ramsey & Black, Vincennes, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

**1.** Ind.Code § 35–48–4–2.

RUCKER, Judge.

Defendant-appellant Marlin Plowman was convicted on five counts of Dealing in a Schedule I Controlled Substance [1] and three counts of Maintaining a Common Nuisance [2] in connection with his drug sales to an undercover police officer. He raises two issues for our review which we restate as:

> 1) Whether the 30–month delay between the illegal acts charged and Plowman's arrest denied him the right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution?

> 2) Whether the evidence is sufficient to sustain Plowman's conviction on three counts of Maintaining a Common Nuisance?

We affirm in part, reverse in part and remand.

In January, 1987, the Indiana State Police Department, with the assistance of a confidential informant, began an investigation into Plowman's suspected drug activities. On January 22, Police Detective Mike Hildebrand was working as an undercover narcotics agent and met with Plowman at the S & S Tavern in Vincennes, Indiana, an establishment owned by Plowman. While at the tavern, Plowman sold Detective Hildebrand two hundred dosages of Lysergic Acid Diethylamide (LSD), a Schedule I controlled substance. On January 27, Detective Hildebrand again met with Plowman, this time at Plowman's home. During that meeting, Plowman sold Detective Hildebrand more LSD in tablet form. A third transaction, conducted at a saloon in Vincennes, involved the sale by Plowman of one thousand dosages of the drug.

On February 10, 1987, Plowman and Detective Hildebrand met again at the S & S Tavern where Plowman sold Detective Hildebrand LSD worth $100.00. On February 28, Detective Hildebrand met with Plowman for a final transaction at the tav-

**2.** Ind.Code § 35–48–4–13(b).

ern where Plowman offered to sell Detective Hildebrand one thousand dosages of LSD. Detective Hildebrand accepted the offer whereupon Plowman exited the tavern and approached a vehicle belonging to Plowman's wife. Plowman opened the passenger door of the vehicle and retrieved from the glove compartment a clear plastic bag containing LSD tablets. Plowman gave the drugs to Detective Hildebrand in return for $1,350.00.

On March 4, 1988, the State charged Plowman with five counts of Dealing in a Schedule I Controlled Substance and three counts of Maintaining a Common Nuisance, and a warrant was issued for his arrest. Police arrested Plowman on August 16, 1989, after authorities apprehended him in Thompsonville, Michigan. A jury trial was initially scheduled for November 13, 1989, but because of Plowman's numerous requests for continuance, trial did not commence until December 16, 1991.

Prior to trial, Plowman filed a motion to dismiss the charges against him claiming the State's 12–month delay in filing charges coupled with the 18–month delay after the information was filed and before his arrest violated his constitutional right to a speedy trial and to due process of law. The trial court denied the motion and the case proceeded to trial. Plowman was convicted and sentenced on all counts. He now appeals.

### I.

Plowman contends the trial court erred in denying his motion to dismiss. According to Plowman the 30–month delay between the time the offenses allegedly occurred and the time of his arrest denied him due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.[3] Plowman claims the passage of time impaired the memories of certain alibi witnesses and thereby prevented him from presenting an effective defense.

While the legislatively-enacted statute of limitations fixes the primary guarantee against pre-arrest delay, due process considerations may require dismissal where criminal proceedings are initiated within the statute but sufficiently after the offense occurred to constitute prejudice to the defendant. *McMorris v. State* (1979), 181 Ind.App. 519, 392 N.E.2d 820.[4] However, the mere passage of time is not presumed to be prejudicial; rather, defendant carries the burden of proving undue prejudice resulted from the delay. *Patterson v. State* (1986), Ind., 495 N.E.2d 714. In addition the defendant must also establish that the delay was unjustified. *Lusher v. State* (1979), 181 Ind.App. 63, 390 N.E.2d 702.

In the case before us, Plowman's claim of prejudice based on his witnesses' inability to remember events occurring in 1987 is unpersuasive. Although Plowman's witnesses exhibited some memory loss upon cross-examination by the State, the same witnesses showed no signs of fading memories during Plowman's direct examination. The mere allegation that the passage of time operated to impair the memories of witnesses is insufficient to show Plowman's defense was hampered by the pre-arrest delay. *McMorris, supra.*

Even if Plowman had demonstrated prejudice from the delay, his claim would nonetheless fail because he has not shown the delay was unjustified. The record reveals the confidential informant in this case was assisting officers of the Indiana State Police in their investigation of numerous suspected drug dealers. In order to protect the identity of the infor-

---

**3.** Plowman also alleges the delay violated his right to a speedy trial under the Sixth Amendment and Indiana Constitution Article I, § 12. Because the result under a speedy trial analysis would be the same, we review the delay solely as a due process concern.

**4.** The statute of limitations for Plowman's crimes is five years. Ind.Code § 35–41–4–2(a)(1).

mant, the officers delayed presenting their cases to the prosecutor until the investigation was completed in the summer of 1987. A delay caused by the necessity of protecting the identity of an informant is not improper or unjustified. *See McMorris, supra.* Ultimately, the officers submitted investigative material to the prosecutor on 26 potential defendants including Plowman. A November, 1987 target date was scheduled for the cases to be processed and charges filed. The charging information in this case was not filed by the prosecutor until March, 1988, and the cause of the delay is not clear from the record. However, this period of delay was relatively short and does not appear to have been motivated by a desire to gain a tactical advantage over the defendant. In essence, Plowman has failed to show the 12–month pre-charge delay in this case was unjustified.

 In like fashion Plowman has failed to demonstrate the 18–month pre-arrest delay was unjustified. The record reveals that upon issuance of the arrest warrant, officers made several attempts to locate Plowman. Visits to Plowman's tavern and inquiries of his employees proved fruitless. Plowman had apparently left the jurisdiction. Information concerning Plowman was then placed in the computer for the National Crime Information Center (NCIC) and a federal fugitive warrant was issued for his arrest. Plowman was finally apprehended by federal authorities in the state of Michigan on August 16, 1989. Clearly, the 18–month pre-arrest delay was the result of Plowman's own activities. There is no due process violation here and the trial court properly denied Plowman's motion to dismiss.

## II.

Plowman next argues there is insufficient evidence to convict him on three counts of maintaining a common nuisance. According to Plowman, evidence he twice sold drugs inside the S & S Tavern is probative of only one offense and proof of a single occasion on which he sold drugs out of his wife's vehicle is insufficient to show he maintained the vehicle as a common nuisance.

 In order to obtain a conviction for maintaining a common nuisance, the State must prove that the defendant knowingly or intentionally maintained a building, structure, vehicle or other place used for unlawfully keeping or selling controlled substances. Ind.Code § 35–48–4–13(b). Evidence of an isolated or casual occurrence of the prohibited activity is insufficient to sustain a conviction. Rather, the State must demonstrate continuous or recurrent violations. *Wells v. State* (1976), 170 Ind.App. 29, 351 N.E.2d 43 citing *Keeth v. State* (1923), 193 Ind. 549, 139 N.E. 589; *see also Bass v. State* (1988), Ind.App., 517 N.E.2d 1238, *trans. denied* (conviction for "visiting" a common nuisance requires proof the place was used for illegal purposes on more than one occasion).

 The record before us reveals Plowman sold drugs to Detective Hildebrand at the S & S Tavern on January 22, 1987, and again on February 10, 1987. Plowman was convicted and sentenced on a separate count of Maintaining a Common Nuisance with respect to each of these transactions. This was error. The fact Plowman sold drugs at the tavern on more than one occasion is merely probative of the continuing violations necessary to establish a single offense. *See Wells,* 351 N.E.2d at 46. Such evidence is insufficient to support a conviction for two separate counts of maintaining a common nuisance.

 Plowman was also convicted on a third count of maintaining a common nuisance concerning the use of his wife's car for a drug sale on February 28, 1987. Because proof of a single instance of an illegal drug sale is insufficient to sustain a conviction for maintaining a common nuisance, the evidence here is insufficient to support Plowman's conviction for this offense. In sum, the evidence presented at the trial of this cause was sufficient to support only a single count of Maintaining a Common Nuisance.

Accordingly, we reverse Plowman's conviction on Counts VII and IX, Maintaining a Common Nuisance, and remand this cause for resentencing. In all other respects the judgment of the trial court is affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.